IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

WRONGFUL DEATH BENEFICIARIES
OF MARY AMELIA MILAM, NAMELY
DONA MILAM, WAYNE MILAM AND BLAKE MILAM                          PLAINTIFFS

VERSUS                                          CAUSE NO. 20-00,186-KS

JACKSON COUNTY SCHOOL DISTRICT;
JACKSON COUNTY SCHOOL BOARD FOR THE
JACKSON COUNTY SCHOOL DISTRICT; MISSISSIPPI
DEPARTMENT OF EDUCATION; BRADLEY S. JONES, INDIVIDUALLY,
AND AS AN AGENT OF THE JACKSON COUNTY SCHOOL DISTRICT;
AND JOHN AND JANE DOES 1-5                                        DEFENDANTS

TO:   **TROY E. FRISBIE**
      **CHAIRMAN OF THE SCHOOL BOARD**
      **FOR THE JACKSON COUNTY SCHOOL DISTRICT**
      **4700 COL VICKREY ROAD**
      **VANCLEAVE, MS 39565**

<u>**NOTICE TO DEFENDANT**</u>

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to:

**BARTON LAW FIRM, PLLC**

**W. HARVEY BARTON, MSB #2104**
**3007 MAGNOLIA STREET**
**PASCAGOULA, MS 39567**
**Telephone: (228) 769-2070**

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment of default will be entered against you for the money or other things demanded in the complaint.  You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED UNDER my hand and the seal of said Court this the 10 day of NOV, 2020.

RANDY CARNEY CIRCUIT CLERK
JACKSON COUNTY, MS
POST OFFICE BOX 998
PASCAGOULA, MS  39568-0998

BY: _____ D.C.

**EXHIBIT**
**A**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

WRONGFUL DEATH BENEFICIARIES
OF MARY AMELIA MILAM, NAMELY
DONA MILAM, WAYNE MILAM AND BLAKE MILAM                    PLAINTIFFS

VERSUS                                        CAUSE NO. 20-00,186-KJ

JACKSON COUNTY SCHOOL DISTRICT;
JACKSON COUNTY SCHOOL BOARD FOR THE
JACKSON COUNTY SCHOOL DISTRICT; MISSISSIPPI
DEPARTMENT OF EDUCATION; BRADLEY S. JONES, INDIVIDUALLY,
AND AS AN AGENT OF THE JACKSON COUNTY SCHOOL DISTRICT;
AND JOHN AND JANE DOES 1-5                                DEFENDANTS

TO:    **DR. JOHN D. STRYCKER,**
       **SUPERINTENDENT OF EDUCATION**
       **FOR THE JACKSON COUNTY SCHOOL DISTRICT**
       **4700 COL VICKREY ROAD**
       **VANCLEAVE, MS 39565**

## NOTICE TO DEFENDANT

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to:

**BARTON LAW FIRM, PLLC**

**W. HARVEY BARTON, MSB #2104**
**3007 MAGNOLIA STREET**
**PASCAGOULA, MS 39567**
**Telephone: (228) 769-2070**

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment of default will be entered against you for the money or other things demanded in the complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED UNDER my hand and the seal of said Court this the 10 day of NOV. , 2020.

RANDY CARNEY CIRCUIT CLERK
JACKSON COUNTY, MS
POST OFFICE BOX 998
PASCAGOULA, MS 39568-0998

BY: _____ D.C.

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**FILED**

NOV 1 0 2020

RANDY CARNEY, CLERK

BY_____D.C.

WRONGFUL DEATH BENEFICIARIES
OF MARY AMELIA MILAM, NAMELY
DONA MILAM, WAYNE MILAM AND BLAKE MILAM                    **PLAINTIFFS**

VERSUS                                                CAUSE NO. 20-00,186-KJ

JACKSON COUNTY SCHOOL DISTRICT;
JACKSON COUNTY SCHOOL BOARD FOR THE
JACKSON COUNTY SCHOOL DISTRICT; MISSISSIPPI
DEPARTMENT OF EDUCATION; BRADLEY S. JONES, INDIVIDUALLY,
AND AS AN AGENT OF THE JACKSON COUNTY SCHOOL DISTRICT;
AND JOHN AND JANE DOES 1-5                                    **DEFENDANTS**

---

## COMPLAINT
### (JURY TRIAL DEMANDED)

---

COME NOW, the Plaintiffs, WRONGFUL DEATH BENEFICIARIES OF MARY
AMELIA MILAM, NAMELY DONA MILAM, WAYNE MILAM AND BLAKE MILAM,
who file this Complaint against the Defendants, JACKSON COUNTY SCHOOL DISTRICT;
JACKSON COUNTY SCHOOL BOARD FOR THE JACKSON COUNTY SCHOOL
DISTRICT; MISSISSIPPI DEPARTMENT OF EDUCATION; BRADLEY S. JONES,
INDIVIDUALLY, AND AS AN AGENT OF THE JACKSON COUNTY SCHOOL DISTRICT;
AND JOHN AND JANE DOES 1-5, and for cause would show unto the Court, the following,
to-wit:

### I. PARTIES

1.      Plaintiffs, **WRONGFUL DEATH BENEFICIARIES OF MARY AMELIA
MILAM, DONA MILAM, WAYNE MILAM** who are adult resident citizens of Jackson
County, Mississippi, who reside at 8824 Nutbank Road, Moss Point, Mississippi 39563; and

BLAKE MILAM, who is an adult resident citizen who resides at 9216 Old Walnut Road, Ocean Springs, Mississippi 39564.

2.      Defendant, **JACKSON COUNTY SCHOOL DISTRICT**, is a political subdivision of the State of Mississippi, and is the entity responsible for the actions of all employees of the schools and school personnel within its district. This Defendant may be served with process in the time and manner provided by law by service pursuant to Miss. Code Ann. § 11-45-3, by serving Attorney General Lynn Fitch, at 550 High Street, Suite 1200, Jackson, Mississippi 39201, and also by service upon Troy E. Frisbie, Chairman of the School Board for the Jackson County School District, and upon Dr. John D. Strycker, Superintendent of Education for the Jackson County School District at 4700 Col Vickrey Road, Vancleave, MS 39565.

3.      Defendant, **SCHOOL BOARD FOR THE JACKSON COUNTY SCHOOL DISTRICT**, is a political subdivision of the State of Mississippi, and is the entity responsible for the actions of all employees of the schools and school personnel within its district. This Defendant may be served with process in the time and manner provided by law by service pursuant to Miss. Code Ann. § 11-45-3, by serving Attorney General Lynn Fitch, at 550 High Street, Suite 1200, Jackson, Mississippi 39201, and also by service upon Troy E. Frisbie, Chairman of the School Board for the Jackson County School District, and upon Dr. John D. Strycker, Superintendent of Education for the Jackson County School District at 4700 Col Vickrey Road, Vancleave, MS 39565.

4.      Defendant, **MISSISSIPPI DEPARTMENT OF EDUCATION**, is a political subdivision of the State of Mississippi, and is the entity responsible for the actions of all employees of the schools and school personnel within its district. This Defendant may be served

with process in the time and manner provided by law by service pursuant to Miss. Code Ann. §

11-45-3, by serving Attorney General Lynn Fitch, at 550 High Street, Suite 1200, Jackson,

Mississippi 39201, and also by service upon Dr. Carey M. Wright, Superintendent, at her usual

place of business located at the Mississippi Department of Education, 359 North West Street,

Jackson, Mississippi 39201.

5.      Defendant, **BRADLEY S. JONES**, an adult resident citizen of Jackson County,

Mississippi, who resides at 2704 Rolling Meadows Road, Gautier, Mississippi 39553. Process

may be had upon this Defendant by serving a Summons and copy of the Complaint upon him in

the form and manner provided by law.

6.      Defendants, **JOHN AND JANE DOES 1-5**, are individuals or entities currently

unknown to Plaintiffs, who may be liable for Plaintiffs' claims herein, and who will be named

and joined in this action as soon as their identities become known.

## II. JURISDICTION

7.      This Court has personal jurisdiction and subject matter jurisdiction of the claims

in this cause of action.

## III. VENUE

8.      Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. § 1391(b)

because a substantial part of the real and immediate harm sustained by the Plaintiffs occurred in

this judicial district and division.

## IV. FACTS

9.      Mary Amelia Milam, aka "Mea," date of birth October 10, 1986, was a 32 year

old female when she committed suicide by shooting herself on August 7, 2019, at her residence

3

of 2917 Eden Street, Pascagoula, Mississippi. Plaintiffs are stating that the death of Mary Amelia Milam, is a wrongful death as a result of the actions of one of her former teachers more particularly described herein as follows.

10.    In the school year 1999–2000, Mea was a student at East Central Middle School in Hurley, Mississippi, where one of her middle school faculty teachers was the Defendant, Brad Jones. Mr. Jones held a position of trust and authority of Mea, as her teacher. While Mea was a seventh grade student at East Central that year, Brad Jones began a course of conduct which eventually led to an inappropriate sexual relationship with her teacher Brad Jones. That as a result of this inappropriate relationship Mea had suffered from years of emotional stress, disturbance and turmoil resulting in her inability to maintain a healthy relationship with a member of the opposite sex and resulting in physiological manifestations, manifesting themselves as severe and disabling headaches.

11.    That Mr. Jones began inappropriate romantic/sexual text messages. These text messages began with compliments on Mea's physical appearance, and then escalated to requests for nude pictures. These communications and advances were extremely inappropriate and violate State and Federal law.

12.    Based on information and belief, these Defendant's conduct resulted in a physical relationship between the teacher, Mr. Jones, and his student, Mea.

13.    Based on information and belief, it is the custom and practice of the Jackson County School District with approval of the Jackson County School Board, to look the other way when there is a teacher-student romantic relationship.  On at least one occasion, the employee was transferred and promoted after being informed of such conduct.  As a result, this type of

4

conduct became the official custom and/or policy of the Jackson County School District. As a result of this custom and/or policy, Mea suffered abuse and a violation of her bodily integrity.

14.     On several occasions the Jackson County School District became aware of an inappropriate, illegal relationship between a school district employee and a student, and instead of terminating the employee for violating Mississippi law, the employee remained an employee.

15.     Mea sought counseling through Gulf Coast Family Counseling wherein she revealed to her counselor, in a variety of counseling sessions, this inappropriate relationship and documenting the traumatic abuse experienced as a teenager, which manifested itself into a variety of physical and psychological problems she experienced later in life.

16.     The day before her death, she called her mom and asked her if she would go shopping with her. During which she disclosed to her mother, for the first time, that when she was 13 years old, a teacher kept on and on at her to take nude pictures of herself, and that they engaged in a relationship that was inappropriate where he "went to far." That it was the day after this revelation that Mea committed suicide.

## V.   CLAIMS FOR RELIEF

### COUNT I - Deprivation of Civil Rights (42 U.S.C. Section 1983)

17.     The Plaintiffs adopt, reallege and incorporate by reference each and every allegation contained in the above paragraphs in their entirety as though fully copied and stated herein.

18.     That the Decedent, Mea Milam, had a constitutional right to have her bodily integrity be free from violation while at school.

19.     At all times material hereto, the Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and State of Mississippi. Consequently, while acting under color of state law, the Defendants commenced to engage in a course of conduct and to implement a policy, custom, usage, plan or practice, wherein the rights, privileges or immunities of the minor child, was violated.  Specifically, the Defendants, jointly and severally, engaged in a course of conduct that result in a violation of the Plaintiffs' right to the equal protection of the laws of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi and the right to procedural and substantive due process of the law pursuant to the **Fourteenth Amendment** to the Constitution of the United States of America. The violations complained of in this Complaint include, but are not limited to, the failure to use proper care to uphold constitutional rights and privileges, deprivation of identifiable civil rights, i.e., life, liberty and/or property, the unnecessary and wanton infliction of **pain and suffering, sexual degradation**, embarrassment, humiliation and emotional distress and anguish in light of the circumstances confronted by the Defendants. The Defendants established a policy and custom and practice which created a danger to students such as the minor child named herein and resulted in a deprivation that was sufficiently serious wherein the Defendants acted recklessly and/or with deliberate indifference towards the rights and safety of students and the minor child named herein and/or with intention in allowing a sexual predator to repeatedly attack and sexually assault the minor child on the school's premises.

20.     As a direct and proximate consequence of the Defendants' actions, the Plaintiff was deprived of certain rights privileges and immunities secured by the Constitution of the

6

United States of America, the laws of this nation and the State of Mississippi. Specifically, the minor child's **Fourteenth** Amendment right to procedural and substantive due process and her right to equal protection of the law were violated by Defendants, and but for the policies and customs of the Defendants that protected the sexual perpetrator and not the victim, and the Defendants' failure to protect the minor Plaintiff herein, the rights of the minor child named herein would not have been violated.

21.    At all times material hereto, the Defendants, and their agents, representatives, and employees, acted pursuant to the policies, regulations, and decisions officially or unofficially, expressed or impliedly adopted and promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of the Defendants. At all times, the Defendants were the final authority in establishing the policies, regulations, and decisions resulting in the violation of the minor child's constitutional rights stated herein.

22.    It is further averred that the Defendants, Jackson County School District, School Board for the Jackson County District, and the Mississippi Department of Education, Bradley S. Jones and John and Jane Does 1-5, were the government officials whose edicts or acts may fairly be said to represent official policy, practices, customs or regulations of the Defendants. The aforementioned Defendants collectively and individually developed, planned and implemented the policy, custom and/or usage that resulted in and directly or proximately caused the sexual battery of the minor child. Specifically, the Defendants' policies, regulations, custom and practices constituted deliberate indifference for the safety of students and the minor child named herein, shocks the conscience and arises to a deliberate decision by the Defendants to deprive the

7

Plaintiff of **life, liberty and property,** and the said actions of the Defendants constituted truly irrational government action.

23.     As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the minor child certain rights guaranteed by the constitution of the United States of America, the minor child suffered immediate, irreparable and permanent injury to her person resulting in the deprivation of the minor child's constitutional rights, privileges and immunities and ultimately causing her to be seized, detained, and sexually abused by a teacher while on school campus and/or school property. The minor child suffered extreme embarrassment, humiliation, severe mental and emotional anguish and distress, agony, degradation, pain and suffering. All of which resulted in her wrongful death by suicide.

## COUNT II - Failure to Adequately Train and Supervise Employees or Agents

24.     The Plaintiff adopts, realleges and incorporates by reference each and every allegation contained in the above paragraphs in their entirety as though fully copied and stated herein.

25.     The Defendants, failed to provide adequate and competent training and/or supervision to agents, employees, or representatives of the Defendants working in the East Central Middle School. The Defendants were tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were to be carried out at the East Central Middle School by the employees working there.

26.     The Defendants, Jackson County School District and the School Board of the Jackson County School District, failed to properly train its employees to ensure that students

8

such as the minor child were safe and secure while in the school and/or school property, and their failure to do so created an unreasonable danger to the minor child named herein.

27.     As a direct and proximate consequence of the Defendants' actions, the minor child was deprived of certain rights privileges and immunities secured by the Constitution of the United States of America, the laws of this nation and the State of Mississippi. Specifically, the minor child's **Fourteenth** Amendment rights to procedural and substantive due process and her right to the equal protection of the law were violated by the Defendants, Jackson County School District, School Board for the Jackson County School District, and the Mississippi Department of Education, Bradley S. Jones, and John and Jane Does 1-5.

## A.  BREACH OF A NON-DELEGABLE FIDUCIARY DUTY

28.     The Plaintiffs adopt, reallege and incorporate by reference each and every allegation contained in the above paragraphs in their entirety as though fully copied and stated herein.

29.     The Defendants failure and/or refusal to provide for the safety and welfare of students, including the minor child herein, while attending school and/or on school property, constituted a breach of a non-delegable and/or fiduciary duty owed to the Plaintiffs and other persons similarly situated.

30.     As a direct and proximate consequence of the breach of this non-delegable and/or fiduciary duty of the aforementioned Defendants, the Defendants are jointed and severally liable for the injuries and damages suffered by the Plaintiff.  Thus the Plaintiffs are entitled to a money judgment against the Defendants, who engaged in or contributed to or otherwise facilitated through their acts, of omission or commission, the breach of non-delegable and/or fiduciary

9

duties that resulted in the minor's injuries and also caused or contributed to cause the repeated instances of sexual battery suffered by the minor named herein, resulting in her suicide and wrongful death.

## B.   FAILURE TO PROPERLY TRAIN AND SUPERVISE

31.    The Plaintiffs adopt, reallege and incorporate by reference each and every allegation contained in the above paragraphs in their entirety as though fully copied and stated herein.

32.    At all times, the individuals working at the East Central Middle School were employees and/or agents of the Defendants and said employees were working within the course and scope of their employment for the Defendant, Jackson County School District.

33.    The Defendants had a duty to the Plaintiff to properly train and supervise its employees to ensure the reasonable safety and welfare of children attending school and/or on school property, including the minor child herein, and to at a minimum, ensure that students are not subjected to assault, battery, sexual battery, or other crimes against their person while they are attending school and/or on school property.

34.    As a direct and proximate consequence of the Defendants failure to properly train and supervise their employees, the minor child suffered severe physical, mental and emotional damage, resulting from the numerous instances of sexual battery suffered by the minor child while attending school and/or while on school property, and the Defendants' acts and omissions were the proximate cause of the minor's suicide and subsequent death.

## C.   THE COMMON LAW TORT OF OUTRAGE

35.     The Plaintiffs adopt, reallege and incorporate by reference each and every allegation contained in the above paragraphs in their entirety as though fully copied and stated herein.

36.     The Defendants' overall conduct and/or failure to protect students is so outrageous that it shocks the moral and legal conscience of the community.  The outrageous conduct of the Defendants resulted in numerous instances of sexual battery of a little girl, the minor child herein, while she was attending school.  The manner, method and design of the Defendants' conduct amounted to allowing a sexual predator to have free reign to prey on students, including the minor child, without so much as an attempt to stop or monitor the activities of the minor child or the sexual predator on school property when the Defendants were acting *in loco parentis* for the minor child.

37.     As a direct and proximate consequence of the outrageous conduct of the Defendants, the Defendants are jointly and severable liable to the wrongful death beneficiaries for such outrageous conduct, as the same resulted in several incidents of sexual battery and touching for lustful purposes upon the person of the minor child while she was on school property.  Thus the Plaintiffs are entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated, through express and/or implied policies and acts of omission or commission, such outrageous conduct toward the minor child, to which the wrongful death beneficiaries may be entitled.

11

## D.   NEGLIGENT AND/OR INTENTIONAL INFLICTION
## OR EMOTIONAL DISTRESS

38.     The Plaintiff adopts, realleges and incorporates by reference each and every allegation contained in the above paragraphs in their entirety as though fully copied and stated herein.

39.     The Defendants failed to provide reasonable and necessary policies and/or procedures to ensure that the minor child in question was safe from sexual assault and/or sexual battery while on school premises.  The conduct of the Defendants was reckless, careless, and negligent, and the Defendants knew, or should have known, that said conduct could result in the injuries and damages complained of herein.  The Defendants' conduct constitutes negligence and/or intentional infliction of emotional distress.

40.     As the direct and proximate consequence of the Defendants' acts and/or omissions, the minor child suffered severe mental and emotional distress, which resulted in her wrongful death for which the beneficiaries seek a judgment of and from the Defendants.

## E.   NEGLIGENCE

41.     The Plaintiffs adopt, realleges and incorporate by reference each and every allegation contained in the above paragraphs in their entirety as though fully copied and stated herein.

42.     The Defendants, Jackson County School District and School Board of the Jackson County School District, had a duty to act as reasonable, prudent schools, school districts, and like entities, and to take reasonable and necessary precautions to ensure the safety and welfare of their students and to insure that individuals do not commit sexual assault, sexual battery, or heinous acts upon any students while on school property.

12

43.     The Defendants breached their duty of care by failing to provide for the safety and welfare of students, and in particular the safety and welfare of the minor named herein. The Defendants' failures and breaches resulted in the minor child suffering numerous incidents of sexual assault and sexual battery while attending school and/or while on school property.  Each such incident constitutes a separate and independent tort under the Mississippi Tort Claims Act.

44.     As a direct and proximate consequence of the Defendants' failure to act, the minor child suffered severe pain, suffering, humiliation, mental and emotion distress, resulting in her wrongful death and for which the wrongful death beneficiaries should be entitled to their wrongful death damages commensurate with the death of Mary Amelia Milam, in an amount to be determined at trial and costs herein. Thus, the Plaintiffs are entitled to a money judgment for actual and consequential damages as stated herein.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that upon the filing of this Complaint that this Honorable Court would advance this case on the trial docket and thereafter set this matter for a full and complete trial on the merits and upon the completion of the same enter a judgment granting the following relief:

(a) Enter a judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, for the actual or compensatory and presumed damages sustained by the Plaintiffs pursuant to 42 U.S.C. Sections 1983, 1985, 1986, 1988, **the Fourteenth Amendment to the Constitution** of the United States of American and for violations of the numerous pendent or supplemental state claims arising out of the same set of facts from which the deprivation of civil, constitutional and human rights arose for the deprivation of such constitutional rights, personal

13

injury to the minor child's body as a whole, resulting in her wrongful death and all damages done to such wrongful death beneficiaries to include DONA MILAM, WAYNE MILAM AND BLAKE MILAM, and any other claims or damages for which the law holds the Defendants liable and responsible in an amount to be determined by a jury;

(b) Enter a judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, for punitive or exemplary damages, for the outrageous, reckless, willful, wanton and intentional conduct that resulted in gross or reckless disregard for the welfare, safety, rights, privileges, or immunities of the minor Plaintiff, in an amount to be determined by the jury;

(c) Enter a judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, for the Plaintiff's attorneys' fees pursuant to 42 U.S.C. Section 1988, all costs of this action and related litigation expenses and expert fees;

(d) Enter a judgment in favor of the Plaintiffs and against the Defendants, for actual and punitive damages, for the intentional infliction of mental and emotional distress, and the illegal, intentional, outrageous, reckless conduct that resulted in the gross disregard for the welfare, safety, rights, health, and safety of the minor named herein, resulting in her wrongful death, in an amount to be determined by the jury; and,

(e) For such other and further relief, general or specific, the Court may deem appropriate, just and equitable under the laws of Mississippi and the United States.

14

This the 10ᵗʰ day of November , 2020.

Respectfully submitted,

WRONGFUL DEATH BENEFICIARIES
OF MARY AMELIA MILAM, NAMELY
DONA MILAM, WAYNE MILAM
AND BLAKE MILAM

BY: _____
W. HARVEY BARTON, MSB #2104

**BARTON LAW FIRM, PLLC**
W. HARVEY BARTON, MSB #2104
3007 Magnolia Street
Pascagoula, MS   39567
Telephone: (228) 769-2070
Facsimile: (228) 769-1992
harvey@wbartonlaw.com

**TYNES LAW FIRM, P.A.**
DOUGLAS L. TYNES, JR., MSB #101921
525 Krebs Avenue (39567)
P. O. Drawer 966
Pascagoula, MS 39568-0966
Telephone: (228) 769-7736
Facsimile: (228) 769-8466
monte@tyneslawfirm.com

15