IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WRONGFULL DEATH DENEFICIARIES
OF MARY AMELIA MILAM, NAMELY
DONA MILAM, WAYNE MILAM AND
BLAKE MILAM                                                                                           PLAINTIFFS

VS.                                                    CIVIL ACTION NO. 1:20-cv-368-LG-JCG

JACKSON COUNTY SCHOOL DISTRICT, et al.                                           DEFENDANTS

DEFENDANT'S MEMORANDUM OF
AUTHORITIES IN SUPPORT OF ITS
<u>MOTION TO DISMISS</u>

COMES NOW, Defendant, Mississippi Department of Education ("MDE"), by and through counsel and submits its Memorandum of Authorities in Support of Its Motion to Dismiss, and would show unto the Court, as follows:

I. INTRODUCTION & BACKGROUND

On August 7, 2019, 32 year-old Mary Amelia Milam ("Mea") committed suicide. [1] *Compl.* at 3, ¶ 9 (CM/ECF Pagination). Mea's wrongful death beneficiaries filed suit in the Circuit Court of Jackson County, Mississippi, on November 10, 2020, alleging that Mea's suicide "is a wrongful death as a result of the actions of one of her former teachers..." *Id.* at 4, ¶ 10. Plaintiffs allege that during the 1999-2000 school year, when Mea was in 7th grade, teacher Brad Jones "began a course of conduct which eventually led to an inappropriate sexual relationship..." *Id.* At no point in their factual allegations do Plaintiffs allege what role the MDE played in this. See

1

generally, *Id.* at 3-5. Plaintiffs are seeking monetary damages only against the Defendants. *Id.* at 13-14.

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

When considering a motion to dismiss pursuant to Rule 12(b)(6), a claim should be dismissed when a plaintiff has not alleged enough facts to state a claim for relief that is plausible on its face. *See Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *See Shakeri*, 816 F.3d at 290.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual contentions, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017) (quotation omitted).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir.2003).

### III. CLAIMS

Plaintiffs request relief under both federal and state law. Under federal law, while not entirely clear, Plaintiffs appear to be making a procedural and substantive due process claim, as well as an equal protection claim. [1] at 5-8. Plaintiffs also claim Defendants failed to adequately train and supervise their employees and base this Count on state law theories of recovery. *Id.* at 8-13. More specifically, Plaintiffs allege a breach of a non-delegable duty (without identifying the duty), a failure to train and supervise, the common law tort of outrage, negligent or intentional infliction of emotional distress, and negligence. *Id.* Regardless of Plaintiffs' theories of recovery, MDE is entitled to a dismissal of all claims against it based on sovereign immunity and the provisions found in the Mississippi Tort Claims Act ("MTCA").

### IV. ARGUMENT

As it relates to Plaintiffs' federal law claims against MDE, it is entitled to a dismissal based on the fact that it is not a person amenable to suit under the meaning of Section 1983 and it is immune to liability. Regarding Plaintiff's state law claims, such claims against the moving Defendant is are wholly barred by sovereign immunity, and the notice of claim provision and the statute of limitations found in the MTCA. Thus, MDE is entitled to a dismissal of all of Plaintiffs' claims against it.

#### A. Federal Law Claims.

MDE is entitled to sovereign immunity in this matter based on the fact that MDE, as an arm of the State, is not a person within the meaning of § 1983 and it is immune from liability.

1. Sovereign Immunity

Under 42 U.S.C. § 1983, a plaintiff may bring a cause of action for civil rights violations only against "persons." 42 U.S.C. § 1983. A state, its officials working in their official capacity, and entities that are considered "arms of the State" for Eleventh Amendment purposes are not persons subject to suit within the meaning of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

The Fifth Circuit has identified six factors to guide an analysis of whether an entity is an arm of the State for the purposes of the Eleventh Amendment:

> (1) whether state statutes and case law view the entity as an arm of the state; (2) the source of the entity's funding; (3) the entity's degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property.

*Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326–27 (5th Cir. 2002). An entity need not satisfy all six factors, rather, the factors "simply provide guidelines for courts to balance the equities and determine if the suit is really one against the state itself." *Id.* at 327. "No one factor is dispositive," however, the funding of the entity is "a particularly important factor because a principal goal of the Eleventh Amendment is to protect state treasuries." *Id.*

An application of the factors found in *Perez* establishes that MDE is an arm of the state. First, MDE is considered an arm of the state by Mississippi statute. See Miss.Code Ann. § 37–3–1, et. seq. Additionally, MDE is governed by the State Superintendent and the State Board of Education, each created by the Mississippi

4

Constitution and appointed with the advice and consent of the Mississippi Senate. Miss. Const. art. VIII, §§ 202, 203. And MDE falls under the definition of "the State" for purposes of the Mississippi Tort Claims Act. Miss. Code Ann. § 11-46-1(j). Next, MDE funded through appropriations, and the State Treasurer is custodian of all other MDE funds. Miss. Code Ann. § 37-3-39. MDE oversees public schools and education matters, which clearly concern statewide interests. Miss. Code Ann. § 37-3-5. Finally, federal courts have found MDE to be an arm of the state. *McIntosh v. Barbour*, No. 4:10-cv-72, 2010 WL 5169045, at *3 (N.D. Miss. Dec. 14, 2010)(Pepper, J.)*Hervey v. Mississippi Dep't. of Educ.*, No. 3:08-cv-180, 2010 WL 88901, at *7 (S.D. Miss. Jan. 6, 2010)(Jordan, J.); *Johnson v. Mississippi Dep't. of Educ.*, No. 3:08-cv-179, 2010 WL 90429, at *5 (S.D. Miss. Jan. 6, 2010)(Jordan, J.). Thus, MDE, is an arm of the State and is immune to liability in this matter.

As MDE may not be sued under Section 1983 because it is not a "person" within the meaning of Section 1983, Plaintiffs' Complaint fails to state a claim upon which relief may be granted under Section 1983 as to MDE and is due to be dismissed.

### B. State Law Claims.

The MTCA provides the exclusive remedy for any claim based in tort against a governmental entity and its employees. Miss. Code. Ann. § 11–46–7. Plaintiffs state law claims are barred by sovereign immunity, Plaintiffs' failure to comply with the Notice of Claim provision of the MTCA, and the statute of limitations found in the MTCA. Additionally, there is no need to remand these claims to the Circuit Court of Jackson County as The Fifth Circuit has affirmed decisions of district courts to retain

supplemental jurisdiction after all federal claims have been dismissed when the "remaining issues were not complex, were well-known to the court, and were ripe for summary disposition." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (discussing *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002); see also *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (noting that the absence of difficult state law questions can weigh heavily in favor of retaining jurisdiction).

1. **Sovereign Immunity**

The Mississippi Tort Claims Act ("MTCA") does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11-46-5(4). As discussed more fully above, an arm of the State cannot be sued for violations of state law in federal court. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (We cannot "instruct[ ] state officials on how to conform their conduct to state law."). Thus, MDE is immune from liability for Plaintiffs' state law claims based on sovereign immunity.

2. **Notice of Claim**

Even if MDE were not immune to liability, Plaintiffs' state law claims are barred due to their failure to properly comply with the notice requirement of the MTCA. The MTCA requires that a person making a claim against a governmental entity or governmental employee must file a notice of the claim with the governmental entity ninety days prior to filing an action in court. See Miss. Code Ann. § 11-46-11(1); see also *Hobgood v. Bordelon*, No. 1:11CV252, 2013 WL 2491061, at *9 (S.D. Miss. June 10, 2013). The MTCA requires claimants to file a notice of claim

with the governmental entity's chief executive officer before filing a lawsuit. See Miss. Code § 11-46-11. Here, Plaintiff has not made any allegation that the Notice of Claim provision of the MTCA was complied with as it relates to MDE, and based on information and belief, no such claim was provided. In *Tallahatchie General Hospital v. Howe*, 49 So. 3d 86 (Miss. 2010), the Mississippi Supreme Court enforced a strict compliance standard regarding the proper recipients of the statutory notice of claim required by the MTCA. *Id.* at 92 (¶17). There, the Court emphasized that it has a "constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation." *Id.* (quoting *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 820 (¶23) (Miss. 2006)). And it noted that "[t]he Legislature's statutory use of the term 'shall' connotes a mandatory requirement." *Id.* The Mississippi Supreme Court recently reiterated its position in *Burnett v. Hinds Cty. by & Through Bd. of Supervisors*, No. 2018-CA-00547-SCT, 2020 WL 5834485, at *3 (¶¶ 11-12) (Miss. Oct. 1, 2020). There, it emphasized that "subsection 2(a) of Section 11-46-11, providing that the notice of claim 'shall' be filed with the political subdivision's chief executive officer, is mandatory with regard to who the recipient must be." *Id.* citing *Tallahatchie General Hosp.*, 49 So. 3d at 91–92. "If a complainant is and remains noncompliant with that mandatory provision, the lawsuit must be dismissed." *Id.* citing *Tallahatchie General Hosp.*, 49 So. 3d at 92. This alone is sufficient cause to dismiss Plaintiffs' state law claims against MDE.

### 3. Statute of Limitations

Even if MDE were not immune to liability and Plaintiffs had complied with the notice provision of the MTCA, their claims are still due to be dismissed based on the one-year statute of limitations found in the MTCA. That is to say, all actions brought pursuant to the MTCA must be filed "within one (1) year next after the date of the tortious, wrongful[,] or otherwise actionable conduct on which the liability phase of the action is based[.]" See Miss. Code Ann. § 11–46–11(3). While Mississippi has a general minor's savings clause, the MTCA has a specific minor's savings clause found at Miss. Code. Ann. § 11-46-11(4). This section provides:

> [I]f any person entitled to bring any action under this chapter shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the action within the time allowed in this section after his disability shall be removed as provided by law. The savings in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

Miss. Code Ann. § 11–46–11(4).

Based on Mea's alleged birthday of October 10, 1986, she would have turned 21 on October 10, 2007. [1] at 3, ¶ 9. Thus, Mea had one year from her 21st birthday, or until October 10, 2008, to file suit regarding the state law violations she allegedly suffered in the 1999-2000 school year. The Complaint filed by the Plaintiffs in this matter is over 12 years late and is therefore due to be dismissed. To the extent Plaintiffs would argue that Mea's death should start the running of the statute of

limitations, suit would still be barred as it was not filed until November 10, 2020, or over three months past the one-year statute of limitations provided for by the MTCA.

## V. CONCLUSION

For all of the reasons outlined hereinabove, as well as in its Motion to Dismiss, all of Plaintiffs' claims against the moving Defendant are due to be dismissed.

DATE:	DECEMBER 18, 2020

><br>
> **MISSISSIPPI DEPARTMENT OF EDUCATION,** *Defendant*
>
> LYNN FITCH
> Attorney General of Mississippi
>
> */s/ J. Chadwick Williams*
> Special Assistant Attorney General
> Mississippi Bar No. 102158
> P.O. Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-3523
> E-mail: chad.williams@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which gave notice to all counsel of record.

This, the 18th day of December 2020.

>	*/s/ J. Chadwick Williams*